# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

KEVIN ELMORE,

        Petitioner,

    v.                                         Case No. 3:16-cv-178 JVB

SUPERINTENDENT,

        Respondent.

## OPINION AND ORDER

Kevin Elmore, a pro se prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (IYC 15-09-0220) where a disciplinary hearing officer (DHO) found him guilty of Rioting, in violation of A-103. (ECF 1 at 1.) As a result, he was sanctioned with the loss of 360 days earned credit time and was demoted from Credit Class 1 to Credit Class 3. Elmore identifies two grounds in his petition.

In Ground One, Elmore argues that "the Conduct Report does not fit the charge of Rioting, a Class A-103." (ECF 1-1 at 3.) Elmore claims that there was not sufficient evidence to find him guilty of A-103, and instead he should have been charged with B-212, Assault/Battery. (ECF 1-1 at 2.) The imposition of prison discipline will be upheld so long as there is some evidence to support the finding. *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to

revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, the DHO had sufficient evidence on which to find Elmore guilty of A-103. The Indiana Department of Corrections (IDOC) defines the A-103 offense as follows:

> Encouraging, directing, commanding, coercing or signaling one or more other persons to participate in a disturbance to facility order caused by a group of two (2) or more offenders which creates a risk of injury to persons or property or participating in such a disturbance or remaining in a group where some members of the group are participating in such a disturbance.

Adult Disciplinary Process, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The Conduct Report charges Elmore as being a participant in a violent altercation that spanned the course of two hours. (ECF 1-1 at 6.) The Conduct Report states that "several offenders were engaged in multiple assaults that included weapons to include prison shanks, broom sticks, trash cans and chairs." *Id.* The Conduct Report notes that "the level of extreme violence" resulted in offenders with "broken bones, stab wounds, lacerations and abrasions." *Id.* The Conduct Report identifies Elmore as one of the "active participants" in the altercation. *Id.* Furthermore, Elmore is captured on video hitting another inmate with closed fists in the head and face. (ECF 1-1 at 9.) The evidence from the Conduct Report and video recording were sufficient for the DHO to determine that Elmore was guilty of "participating" in "a

disturbance to facility order caused by a group of two (2) or more offenders which creates a risk of injury to persons or property" in violation of A-103.

Elmore also asserts that he should not have been found guilty because the offender he punched "gave a written statement on behalf of petitioner stating that they were horse playing." (ECF 1-1 at 2.) However, it is not the province of this court to re-weigh the evidence considered by the DHO. *See Hill*, 472 U.S. at 455. It was not arbitrary or unreasonable for the DHO to decline to credit the statement by the assaulted offender. Ground One is therefore not a basis for habeas corpus relief.

In Ground Two, Elmore argues that his demotion from Credit Class 1 to Credit Class 3 exceeded the maximum allowable sanction pursuant to IDOC policy. The harshness of the punishment imposed is not a valid basis for challenging a DHO's decision, so long as the punishment is within the range designated for the offense. *Cf. United States ex rel. Long v. Pate*, 418 F.2d 1028, 1031 (7th Cir. 1970) (where a sentence is "within the range established by the legislature … this court will not [on habeas corpus review] question the trial judge's discretion in imposing sentence …"). Here, IDOC policy states, "[o]ffenders found guilty of certain egregious Class A offenses (Codes…103…) shall be subject to sanctions of up to a three (3)-step demotion in Credit Class with justification by the Hearing Officer." Disciplinary Code for Adult Offenders. http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf. Elmore was found guilty of A-103 and was sanctioned with a two-step demotion in Credit Class. The DHO sentenced Elmore within the appropriate guidelines. Therefore Elmore is not entitled to habeas corpus relief based on Ground Two.

If Elmore wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the habeas corpus petition is **DENIED**. The clerk is **DIRECTED** to enter judgment and close this case. Kevin Elmore is **DENIED** leave to proceed in forma pauperis on appeal.

SO ORDERED on April 18, 2017.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE